UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JERRY NATION**                                                                                            **PLAINTIFF**

v.                                                              **CIVIL ACTION NO. 5:20-CV-P182-TBR**

**WARDEN SCOTT JORDAN**                                                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Jerry Nation, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), names as Defendant KSP Warden Scott Jordan in his individual and official capacity. He alleges that he wrote Defendant to ask, "How can us transgender be allowed to change our name legally in prison in Ky. and I said who I need too talk to and I told [him] I will changlenge it." He states that now he is not getting any mail from outside prison. He alleges, "Scott Jordan has gotten my mail to keep it from coming to me . . . I was getting my mail before I wrote the warden at KSP and now I'm not getting my mail." He further states that the issue with his mail has been going on for "months on end."

As relief, Plaintiff asks for monetary and punitive damages, as well as injunctive relief in the form of getting his mail and having Defendant terminated from the Department of Corrections.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### A. Official-capacity claim

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The claims brought against Defendant in his official capacity, therefore, are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State

officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169. The official-capacity claim for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a Defendant who is immune from such relief.

### B. Claim to have Defendant terminated from DOC

Plaintiff's request for relief to have Defendant terminated from his current employment will be dismissed. The Court does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 1298499, at *3 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

### C. Remaining claims

The Court will allow Plaintiff's individual-capacity claims to continue against Defendant for retaliating against him after he wrote to him asking about transgender issues by keeping

3

Plaintiff from receiving his mail for monetary and punitive damages, as well as injunctive relief in the form of getting his mail.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claim for monetary damages is **DISMISSED** for failure to state a claim upon which relief can be granted and for seeking monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1), (2).

**IT IS FURTHER ORDERED** that Plaintiff's request for relief to have Defendant terminated from his current employment is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.  In allowing those claims to proceed, the Court expresses no opinion on their ultimate merit.

Date:   April 21, 2021

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
        General Counsel, Justice & Public Safety Cabinet
4413.009